# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. THOMAS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. CIV-10-110-W |
| DAVID C. MILLER, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, and Petitioner has replied. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that the petition be denied.

Although Petitioner is not challenging his conviction, Respondent notes that he is currently in the custody of the Oklahoma Department of Corrections (ODOC), serving a sentence of 150 years imprisonment following his conviction for first degree rape. District Court of Oklahoma County, Case No. CF-1981-1815; Response, 1. In this action, Petitioner claims that he was denied due process under the Fourteenth Amendment in connection with a prison disciplinary proceeding instituted during his confinement at the James Crabtree Correctional Center,[1] and which resulted in a loss of earned credits. Petition, 2-3. He alleges

---

[1] Petitioner is currently confined at the Lawton Correctional Facility. Petition, 1.

that the misconduct charge was motivated by retaliation for his pursuit of various lawsuits and grievances he filed against staff members at the James Crabtree Correctional Center. Petition, 7, 7(i)-7(ii).

## I. BACKGROUND

On December 3, 2008, Petitioner was charged with the misconduct offense of communicating a threat to staff. Petition, 7(iv); Response, Ex. 2, at 1. According to the staff members present during the incident, Petitioner became agitated when the law librarian reviewed and confiscated some of the documents Petitioner wanted copied and sent to his attorney. Response, Ex. 2, at 3-5. According to those staff members, Petitioner then leaned across the law librarian's desk, pointed his finger in her face, and threatened to file a grievance and a lawsuit. Response, Ex. 2, at 3-5. A hearing was conducted on December 8, 2008, and Petitioner was found guilty. Response, Ex. 2, at 10. The evidence listed in support of the finding of guilty was as follows:

> [T]hree staff members report the manner in which [Petitioner] spoke to [Felicia] Harris [the law librarian] as loud, aggressive and threatening. [Petitioner] states he speaks passionately, with hand gestures. I believe these staff members to be credible. A communication of a threat to a staff member will not be tolerated.

Response, Ex. 2, at 10. As discipline, the hearing officer imposed thirty days of disciplinary segregation, a loss of 365 earned credits, and demoted him to level one for ninety days. Response, Ex. 2, at 10.

Petitioner appealed to the facility head on January 8, 2009, alleging that the staff members fabricated the evidence against him in retaliation for filing grievances against them.

2

Response, Ex. 3, at 1-2. Petitioner's misconduct conviction was upheld by the facility head on January 12, 2009, who found that due process was afforded to Petitioner. Response, Ex. 3, at 3. Petitioner then appealed to ODOC's Director, who also found that due process was provided. Response, Ex. 3, at 5.

Petitioner next filed a petition for judicial review of the prison disciplinary action. District Court of Oklahoma County, CJ-2009-4706; Response, Ex. 4. The state district court found that due process was provided in accordance with Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and that the decision was supported by "some evidence" as required by Superintendent v. Hill, 472 U.S. 445, 454 (1985). Response, Ex. 5. Petitioner appealed to the Oklahoma Court of Criminal Appeals, and it affirmed the state district court's decision on November 17, 2009. Oklahoma Court of Criminal Appeals, REC-2009-926; Response, Ex. 7, Ex. 8.

Petitioner now brings this action under 28 U.S.C. § 2241, alleging two grounds for relief. In Ground One, Petitioner alleges that he was cited for the misconduct in retaliation for filing grievances against staff members. Petition, 7. In Ground Two, he alleges that the Oklahoma Court of Criminal Appeals "did not address [his] claim on the merits." Petition, 7.

## II. DISCUSSION

As a preliminary matter, the undersigned notes that Respondent contends that Petitioner failed to exhaust his administrative remedies, leaving the Court without

"jurisdiction" to review his claims. Response, 11.[2] In support, Respondent claims that Petitioner failed to present all his retaliation claims to ODOC during the administrative review process but does not specifically state which claims are unexhausted, instead referring the Court to "Exhibit 3 page 2." Response, 12. Exhibit 3 is Petitioner's appeal to the warden and page 2 of that exhibit is Petitioner's single spaced handwritten full page of errors he alleges occurred in the prison disciplinary hearing. While it is not the Court's duty to wade through the record in the hope of finding support for Respondent's allegations, the undersigned notes that in reviewing the record, it appears Petitioner has failed, in the administrative review process, to exhaust the claim raised in his reply brief that Susie Salinas, the disciplinary hearing officer, was not a neutral factfinder. Nevertheless, the Court need not address whether Petitioner exhausted this claim because, as shown below, it lacks merit. See 28 U.S.C. § 2254(b)(2).

Respondent also contends that Petitioner may not rely on ODOC's disciplinary procedures as creating a cognizable due process right. Response, 12. Respondent is correct that Petitioner may not rely on ODOC's failure to follow its own regulations to establish a violation of his due process rights. See Brown v. Wyoming Department of Corrections, No. 06-8095, 234 Fed. Appx. 874, 878 (10th Cir. May 23, 2007); Malik v. Kindt, No. 95-6057,

---

[2]The ODOC General Counsel persists in arguing that exhaustion is jurisdictional despite the fact that the undersigned has noted in several Report and Recommendations that the exhaustion requirement is not jurisdictional. Benjamin v. Snider, No. 00-5147, 2000 WL 1801612, at *1 (10th Cir. Dec. 5, 2000) ("The exhaustion requirement is not jurisdictional . . . ," citing Clayton v. Gibson, 199 F.3d 1162, 1170 (10th Cir. 1999). (This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.)

4

1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation . . . ."). Thus, to the extent Petitioner's claims can be construed as arguing that his due process rights were violated by ODOC's failure to follow its own regulations, habeas corpus must be denied.

### A. RETALIATION CLAIM

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An inmate receives due process in conjunction with an institutional disciplinary proceeding if he is given (1) advance written notice of the disciplinary charge, (2) an opportunity, when consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for any disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these protections are provided and there is "some evidence" to support the resolution of the disciplinary charge, then the Due Process Clause's procedural requirements have been satisfied. Id.; Mitchell, 80 F.3d at 1445 (noting that the scope of a court's due process review of a prison disciplinary proceeding is limited to determining whether Wolff's requirements are met and there is some evidence to support the decision). Additionally, an inmate has a right to an impartial

5

decisionmaker in the disciplinary proceeding. Wolff, 418 U.S. at 571; id. at 592 (Marshall, J., concurring); see also, Gwinn v. Awmiller, 354 F.3d 1211, 1220 (10th Cir. 2004). "A tribunal is not impartial if it is biased with respect to the factual issues to be decided at the hearing." Miller v. City of Mission, Kansas, 705 F.2d 368, 372 (10th Cir. 1983). However, "[d]ue process is violated only when the risk of unfairness is intolerably high under the circumstances of a particular case." Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986) (internal citations omitted). Furthermore, the honesty and integrity of the tribunal are presumed so "there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." Gwinn, 354 F.3d at 1220.

Petitioner does not argue that he received insufficient notice of the charge against him, that he did not have an opportunity to present witnesses and evidence, that he did not receive a written statement of the evidence relied upon or the reasons for the disciplinary action, or that some evidence did not support the decision. The only argument raised by Petitioner that is arguably related to his procedural due process rights is his claim first raised in his reply brief that the disciplinary hearing officer, Ms. Salinas, was not neutral. Reply, 5-6. However, this argument was merely raised as an afterthought by Petitioner in his reply brief, and he fails to support his claim with any factual allegations or showing that the officer was not neutral. Nevertheless, the undersigned notes that the only case that Petitioner has filed against Ms. Salinas in this Court was filed on December 9, 2008, but Ms. Salinas was not added as a defendant until February 17, 2009. Case No. CIV-08-1338-W, Western District

of Oklahoma, Docket. Further, to date, Petitioner has never issued a summons or otherwise served process on Ms. Salinas. Id. Additionally, as stated above, the administrative hearing at issue here took place on December 8, 2008, one day before Petitioner filed his lawsuit and well before Ms. Salinas was added as a defendant. Response, Ex. 2, at 10. Thus, the undersigned finds that Petitioner was provided all of the due process protections to which he was entitled under Wolff and Superintendent v. Hill.

Petitioner attempts to raise a stand alone claim that the disciplinary hearing action was brought in retaliation for his pursuit of various lawsuits and grievances. However, the undersigned finds that such a claim is not cognizable in this 28 U.S.C. § 2241 action challenging a prison disciplinary proceeding. While the undersigned's independent research has not revealed a Tenth Circuit case on point,[3] the majority of courts which have addressed the issue have found that a retaliation claim is not cognizable in a habeas proceeding. See Speight v. Minor, No. 07-1540, 245 Fed. Appx. 213, 215 (3d Cir. Aug. 28, 2007) (questioning whether a retaliation claim is cognizable under § 2241); Baine v. Dretke, No. 7:04-CV-198-R, 2004 WL 2866966, at *3 (N.D. Tex. Dec. 10, 2004) (retaliation claim not cognizable in habeas proceeding); Deckard v. Dretke, No. 3:05-CV-0517-P, 2005 WL

---

[3]There have been § 2241 habeas actions from the Tenth Circuit involving prison disciplinary proceedings in which a retaliation claim was included, but none of these cases have specifically addressed the propriety of bringing such a claim in a habeas proceeding. See Brown v. Wyoming Department of Corrections State Penitentiary Warden, No. 06-8095, 234 Fed. Appx. 874, 877-78 (10th Cir. May 23, 2007); Thomas v. Parker, No. 09-6096, 353 Fed. Appx. 157, 159 (10th Cir. Nov. 23, 2009).

7

2464628, at *1 (N.D. Tex. Aug. 29, 2005) (report and recommendation of Magistrate Judge) (same), adopted by 2005 WL 2466455 (N.D. Tex. Oct. 6, 2005).

In a similar case, the District Court for the Western District of Virginia found that the only protection § 2241 offers against retaliatory actions by prison officials is the procedural due process rights set forth in Wolff and the some-evidence standard in Hill. The court found that once those requirements are met, a retaliation claim by itself is not sufficient to maintain a § 2241 habeas claim. Bailey-El v. Compton, No. Civ.A.703CV00806, 2004 WL 3670998, at *5 (W.D. Va. June 17, 2004); see also Lasko v. Holt, Civil No. 3:CV-07-0371, 2008 WL 4540399, at *4 (M.D. Pa. Oct. 7, 2008) (citing Bailey-El, 2004 WL 3670998, at *5); Guillen v. Finnan, No. 05-4597, 219 Fed. Appx. 579, 582 (7th Cir. Mar. 22, 2007) (citing McKinney v. Meese, 831 F.2d 728,733 (7th Cir. 1987)).

If courts were to entertain retaliation claims in § 2241 habeas actions, their actions would likely run counter to both Wolff and Hill in which the Supreme Court limited the federal courts' ability to review prison disciplinary actions and circumscribed the due process protections to which an inmate is entitled. Further, allowing prisoners to bring retaliation claims in § 2241 habeas actions would likely result in inmates routinely bringing such claims when they become dissatisfied with the results of their prison disciplinary actions and would involve the courts in second guessing the motives of prison officials in bringing disciplinary actions. See Longstreth v. Franklin, No. 07-6026, 240 Fed. Appx. 264, 267-68 (10th Cir. June 29, 2007) (holding evidentiary hearing on prisoner's § 2241 retaliation claim would require abandonment of Hill some evidence standard).

Inmates are protected from retaliation by the neutral disciplinary officer, who listens to the evidence, makes credibility determinations and determines whether the evidence is sufficient to support the charge. That is precisely what happened here as Petitioner himself states in his affidavit that his theory of defense against the disciplinary charge was retaliation, that he presented this defense to the disciplinary hearing officer, and that he was allowed to testify for forty-five minutes about the "many incidents of retaliation" against him. Reply, Ex. D; Reply, 2, 5. Thus, the undersigned agrees with the reasoning of other courts that a retaliation claim is not properly raised in a § 2241 proceeding. See also Mitchell v. Maynard, 80 F.3d 1444, 1445 (10th Cir. 1996) ("Mr. Mitchell alleges many ways his due process rights were violated, . . . Our review, however, is limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary committee's findings.").[4]

Finally, the cases cited by Petitioner do not compel a different result because each of those cases involve 42 U.S.C. § 1983 civil rights actions rather than habeas actions. See Fogle v. Pierson, 435 F.3d 1252, 1256 (10th Cir. 2006); Purkey v. Green, No. 00-3218, 28

---

[4]The undersigned recognizes that this Report and Recommendation contradicts a previous Report and Recommendation by the undersigned involving another prison disciplinary action brought by the same Petitioner. See Thomas v. Parker, No. CIV-08-1321-W, 2009 WL 995547 (W.D. Okla. April 13, 2009). In that case, the undersigned recommended habeas relief for the Petitioner on his retaliation claim. Judge West adopted the Report and Recommendation and the Tenth Circuit affirmed on appeal. See Thomas v. Parker, No. CIV-08-1321-W, 2009 WL 995547 (W.D. Okla. April 13, 2009, aff'd No. 09-6096, 353 Fed. Appx. 157 (10th Cir. Nov. 23, 2009). However, Respondent never raised the issue of whether a retaliation claim could be brought in a habeas action and more importantly never disputed the egregious facts of retaliation alleged by Petitioner. Thus, the undersigned never analyzed whether the Petitioner's claim was properly brought in the habeas action.

Fed. Appx. 736, 739 (10th Cir. Aug. 17, 2001); Peterson v. Shanks, 149 F.3d 1140, 1142 (10th Cir. 1998); Smith v. Maschner, 899 F.2d 940, 942 (10th Cir. 1990); Bibbs v. Early, 541 F.3d 267, 268 (5th Cir. 2008); Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008); Moore v. Plaster, 266 F.3d 928, 929 (8th Cir. 2001).

### B. STATE COURT ERROR

In Ground Two, Petitioner alleges that the Oklahoma Court of Criminal Appeals erred in failing to address his claim on the merits. Petition, 7, 7(xvi)-7(xvii).

Petitioner misapprehends the role of this Court in reviewing ODOC's revocation of credits. Federal courts do not sit as "super-appellate" courts to reconsider state court decisions. See Brown v. McKune, No. 06-3430, 221 Fed. Appx. 806, 806-07 (10th Cir. Apr. 19, 2007) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions . . . ." (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991))).. Instead, federal habeas relief is only available if the revocation of earned credits was done "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. §2241(c)(3). Petitioner's claim in merely a state law claim but does not rise to the level of constitutional violation.

### RECOMMENDATION

In light of the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus be denied. Petitioner is advised of the right to object to this Report and Recommendation by July 12, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72, by filing objections with the Clerk of Court. Petitioner is further

advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

     Entered this 22nd day of June, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE