IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

JERRY L. THOMAS, )
 )
 Petitioner, )
 )
vs. ) No. CIV-10-110-W
 )
DAVID C. MILLER, Warden, )
 )
 Respondent. )

## ORDER

On June 22, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Jerry L. Thomas be denied. Thomas was advised of his right to object, and the matter now comes before the Court on Thomas' Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter.

Thomas was charged with the misconduct offense of communicating a threat to staff, which pertained to an incident involving Thomas and Felicia Harris, a law librarian at James Crabtree Correctional Center ("JCCC"), on December 3, 2008. The matter was investigated, and a disciplinary proceeding was conducted on December 8, 2008. Susie Salinas, the hearing officer, found Thomas guilty and ordered as discipline, thirty (30) days of segregation and a loss of 365 earned credits. She also demoted Thomas to level one for ninety (90) days.

The misconduct conviction and the discipline imposed were upheld by Rodney Redman, JCCC Deputy Warden, on January 12, 2009. Thomas further appealed, and the Designee for Director of the Oklahoma Department of Corrections concurred and denied Thomas relief on February 17, 2009.

Thomas also sought judicial review in the District Court of Oklahoma County, Oklahoma, Thomas v. Oklahoma DOC, No. CJ-2009-4706, and the state court judge on September 18, 2009, by Order entered on September 22, 2009, found that Thomas had failed to state a claim upon which any relief could be granted. Thomas appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), and on November 17, 2009, the OCCA affirmed. Thomas v. Oklahoma DOC, No. REC-2009-926.

Thomas, who is now incarcerated at Lawton Correctional Facility, has complained in his Petition that he was denied due process of law as guaranteed by the fourteenth amendment to the United States Constitution in connection with the JCCC disciplinary proceeding, and he has asserted two grounds for relief. In Ground One, Thomas has contended that the misconduct charge giving rise to the disciplinary proceeding was motivated by retaliation for his pursuit of lawsuits and grievances against JCCC staff members. In Ground Two, he has alleged that the OCCA in its Order Affirming Denial of Petition for Judicial Review of Prison Disciplinary Proceeding failed to address his claim of retaliation on the merits.

Having found no grounds have been asserted by Thomas that warrant the relief requested in his Petition, including, but not limited to, those that pertain to Salinas' neutrality and the OCCA's decision, and whether Thomas had received the due process protections to which he was entitled under Wolff v. McDonnell, 418 U.S. 539 (1974), and

2

Superintendent v. Hill, 472 U.S. 445 (1985), and because Thomas has cited no authority that retaliation claims are cognizable in actions challenging prison disciplinary proceedings under section 2241,[1] the Court

(1) ADOPTS the Report and Recommendation [Doc. 15] issued on June 22, 2010;

(2) DENIES Thomas' Petition [Doc. 1] file-stamped February 3, 2010; and

(3) ORDERS that judgment in favor of respondent David C. Miller, Warden, issue forthwith.

ENTERED this 27th day of July, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] The Court takes notice of Thomas v. Parker, No. CIV-08-1321-W, 2009 WL 995547 (W.D. Okla. April 13, 2009), aff'd, 353 Fed. Appx. 157 (10th Cir. November 23, 2009), which also involved a prison disciplinary proceeding. Because the issue of whether a retaliation claim could be brought in an action under 28 U.S.C. § 2241 was not raised by the respondent, the issue of whether the claim was properly brought was not addressed.

3